## NAHUM MITCHELL *vs.* ALLEN DANFORTH & another, Executors.

A devise of "all the property and rights of property devised to me by H. D.," gives the devisee no right to the proceeds of property devised by H. D. to the last testator, and sold by him during his lifetime.

THIS action was submitted upon an agreed statement of facts as follows: The defendants' testator, William Davis, late of Plymouth, died leaving a will, one clause of which was, "I give to my grandfather, Nahum Mitchell, (the plaintiff,) if he survives me, the property and rights of property devised to me by the will of my mother, Harriet Davis." The will of Harriet Davis was as follows: "I give, devise, and bequeath unto my son, William Davis, all the estate, both real and personal, which was given me under the will of my grandfather, Silvanus Lazell, deceased, dated July 19, 1822, with all my right, title, and interest in and to the same,

or the proceeds thereof." After the death of said Harriet Davis, and before making his own will as aforesaid, to wit, in 1846, said William Davis sold a portion of the real estate devised to him by said Harriet Davis, but in what manner the proceeds were used or appropriated, is unknown ; the remainder he still owned at the time of his death. This action was for the proceeds of said real estate and interest from the time of its sale.

Upon these facts, the court of common pleas, held by *Bishop*, J., gave judgment for the defendants, and the plain-tiff appealed.

*C. G. Davis*, for the plaintiff.

*J. J. Russell*, for the defendants.

BY THE COURT. The portion of his mother's property, which came to her from her grandfather, and which she in terms devised to the defendants' testator, William Davis, hav-ing been sold by him in his lifetime, and the money received for it, his own devise to his grandfather could not operate upon the money so received. It could not, even if his own will, like that of his mother, had devised certain property de-scribed, and the " proceeds " thereof; unless such proceeds remained in mortgages or other securities taken specifically for it, capable of being identified. Even in such case, if he had collected the money due on such securities, in his life-time, it would have become his own money and operated as an ademption of the legacy.

*Judgment for the defendants.*